UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 19-219** |
| v. | * | **SECTION: "L"** |
| **DAMIAN K. LABEAUD** | * | |
|   a/k/a Damian Kevin Lebeaud | | |
|   a/k/a Damien K. Lebeaud | * | |
| **LUCINDA THOMAS** | | |
| **MARY WADE** | * | |
| **JUDY WILLIAMS** | | |
|   a/k/a Judy Lagarde | * | |
| **DASHONTAE YOUNG** | | |
| **GENETTA ISRAEL** | * | |
| **MARIO SOLOMON** | | |
|   a/k/a Mario Salomon | * | |
| **LARRY WILLIAMS** | | |
| | * | |

\*   \*   \*

## PROTECTIVE ORDER

Upon consideration of the United States' Unopposed Motion for Entry of a Protective Order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and the record in this case, the Court finds good cause for the Motion and hereby ORDERS:

1.   Documents, materials, and information the United States provides as discovery in this matter that may contain personal, confidential, identifying information of individuals, including individual identifying information of health insurance beneficiaries, shall be described as "covered information" for purposes of this Order.

2.   Pursuant to Rule 49.1 of the Federal Rules of Criminal Procedure, defense counsel and the Defendants shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all

1

information that would identify the subject of the document or filing has been removed.

3. The Defendants may possess covered information in order to assist his or her counsel in the strategies to be deployed in the case, to include evaluation of the materials and selection of experts. The Defendants are also free to work with hired experts and support personnel in order to develop strategies for the utilization of the materials so long as those materials are not made publicly available except as set out herein.

4. Associates and agents of defense counsel may possess covered information only as necessary to perform work related to this litigation.

5. Third parties contracted by the United States or the defense to provide expert analysis or testimony may possess covered information only as necessary to perform work related to this litigation.

6. The Defendants, including his or her counsel and their personnel, and any non-parties to whom defense counsel disclose these documents as permitted by this Order, may use these documents only for purposes of the litigation, may disclose them to non-parties to this litigation only as needed for the litigation, and are each subject to the confidentiality constraints imposed by this Order. As to each expert, support personnel and the Defendants, a copy of this Order will be transmitted to the individual receiving the information at or about the time of the first exposure to the material and an email exchange will be preserved in which each person will acknowledge their responsibility to abide by the terms of this Protective Order.

7. Defense counsel shall ensure that the Defendants (in the case of defense counsel) or any third person who obtains access to covered information returns to defense counsel any such information given to such individuals, or destroys such information, within 90 days of the final conclusion of this litigation. The destruction of the material shall be memorialized in an email

exchange with counsel responsible for the materials pursuant to this Order.

      8.    Within 90 days of the final conclusion of this litigation, the Defendants and defense counsel shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, including digital copies, to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed. Counsel for the United States will likewise certify to counsel for the defense that all such similar materials provided in reciprocal discovery to the government have been destroyed within the same 90 day time-frame set out above.

      9.    Upon entry of a final judgment in this matter and conclusion of any direct appeals, defense counsel shall destroy or cause to be destroyed all copies of covered information provided to it by the government, and the government shall destroy or cause to be destroyed all copies of covered information provided to it by defense counsel, except as otherwise required to be maintained pursuant to document retention policies.

      DONE AND ORDERED this _27th_ day of January 2020, at New Orleans, Louisiana.

_____
United States Magistrate Judge